IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sanchez Ozell McPherson, ) | C/A No. 0:15-1859-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SPO M. Kutz, *Officer, Charleston Police* ) | |
| *Department*; Detective Osburne, *Charleston* ) | |
| *Police Department*; ATF, *Government,* ) | |
| *Alcohol, Tobacco, Firearms*; Sean Kittrell, ) | |
| *Government's Prosecutor*; John A. Schroepfer ) | |
| *- ATF Agency*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Sanchez Ozell McPherson, a self-represented federal prisoner, brings this civil rights action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at United States Penitentiary Lewisburg and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Factual and Procedural Background**

Plaintiff alleges an arrest on March 7, 2008 by the Charleston Police Department for armed robbery. (ECF No. 1 at 3.) Defendant SPO M. Kutz is named as the police officer who removed $730 from Plaintiff's front pocket during the booking process. (Id.) Defendant Kutz's supervisor, Defendant Detective Osburne, is named as the officer that "entered the currency into evidence property." (Id.) Plaintiff alleges that Defendant ATF, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, "adopted the case" on December 8, 2009; thus, transferring the case to the federal

government.  (Id. at 3-4.)  Plaintiff indicates that he pled guilty to the offense of carrying a firearm and was sentenced in federal court on March 14, 2012.  (Id. at 4.)  Plaintiff states that the government dismissed the armed robbery charge on March 15, 2012; however, the defendants allegedly failed to return the $730 confiscated after Plaintiff's March 2008 arrest.  (Id.)  Plaintiff further alleges that he did not in any way forfeit the money.  (Id.)  Defendant John A. Schroepfer, identified as an ATF agent, is named for interviewing the victim of the armed robbery incident and for preparing a report allegedly demonstrating that Plaintiff did not commit the offense.  (Id. at 4-5.)  Plaintiff, who seeks the return of the confiscated money, identifies Defendant Sean Kittrell as a federal prosecutor, but does not discuss this defendant in the body of the Complaint.  (Id. at 2, 6.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.   Analysis

Plaintiff alleges a deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment, which provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To the extent Plaintiff sues Defendants Kutz and Osburne, employees of the Charleston Police Department, the Complaint is construed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's claims against Defendants ATF, Kittrell, and Schroepfer are evaluated under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 818,

n.30 (1982); see also Ajaj v. United States, 479 F. Supp. 2d 501, 535 (D.S.C. 2007); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("[I]n analyzing Plaintiffs' Bivens claims, the court shall refer interchangeably to cases decided under both § 1983 and Bivens.").

### 1.     Due Process Claim:  Defendants Kutz and Osburne

An intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for such loss is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy).  In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization.  See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.).  Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements."  Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)).

The instant Complaint asserts that Defendants Kutz and Osburne, employees of the Charleston Police Department, have failed to return Plaintiff's money despite the dismissal of the armed robbery charge associated with its confiscation.  Plaintiff further alleges that such action is unauthorized because the confiscated money was "never forfeited."  As Plaintiff has an available post-deprivation remedy under South Carolina law sufficient to satisfy the requirements of due process, his allegations fail to establish a violation of his constitutional rights by defendants Kutz

and Osburne. Accordingly, the Complaint's allegations against these two defendants are subject to summary dismissal.

### 2. Sovereign Immunity: Defendant ATF

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, Defendant ATF, a federal agency, is immune from Plaintiff's constitutional claims. Accordingly, this defendant is entitled to summary dismissal from this action.

### 3. Insufficient Factual Allegations: Defendants Kittrell and Schroepfer

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain



statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible").

In the instant action, Plaintiff does not allege that Defendant Schroepfer had any role in the confiscation or failure to return Plaintiff's money. Further, the Complaint provides no factual allegations against Defendant Kittrell, who is identified as a federal prosecutor entitled to absolute immunity for activities in or connected with judicial proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Accordingly, Defendants Kittrell and Schroepfer are entitled to summary dismissal from this case.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).