# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sanchez Ozell McPherson, ) | |
| ) | No. 0:15-cv-1859-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| SPO M Kutz, *Officer, Charleston Police* ) | |
| *Department*; Detective Osburne, *Charleston* ) | |
| *Police Department*; ATF, *Government -* ) | |
| *Alcohol, Tobacco, Firearms*; Sean Kittrell, ) | |
| *Government's Prosecutor*; John A. ) | |
| Schroepfer, *ATF Agent*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 10), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. For the reasons stated below, the Court the adopts the R & R only in part.

## I. Background[1]

Plaintiff alleges that he was arrested on March 7, 2008, for armed robbery, based on a victim statement that Plaintiff took $300 from the victim's pocket. (Dkt. No. 1 at 3). Defendant Kutz removed $730 from Plaintiff's pocket during the booking process and gave it to his supervisor, Defendant Osburne, who "entered the currency into evidence property." (*Id.*). Plaintiff alleges that Defendant ATF then "adopted the case." (*Id.*). Plaintiff pled guilty to carrying a firearm, and the armed robbery count was dismissed. (*Id.* at 4). Plaintiff alleges that

---

[1] All facts are taken from the Complaint and assumed to be true for the purposes of determining whether the case should be summarily dismissed.

1

his money has never been returned and alleges a deprivation of property in violation of the Due Process Clause, seeking return of the $730. (Dkt. No. 1).

The Magistrate Judge recommending (1) dismissing the claims against ATF because they are barred by the doctrine of sovereign immunity, (2) dismissing the claims against Defendants Kittrel and Schroepfer for failure to state a claim because Plaintiff has made no allegations against them, and (3) dismissing the claims against Defendants Kutz and Osburne because South Carolina has a post-deprivation remedy that satisfies due process. Plaintiff concedes that the claims against the federal defendants should be dismissed but objects to the dismissal of his claims against Defendants Kutz and Osburne. (Dkt. No. 18 at 4).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)

(quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

**B. Summary Dismissal**

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

### III. Discussion

Plaintiff concedes that Defendants ATF, Kittrell, and Schroepfer should be dismissed. (Dkt. No. 18 at 4). For the reasons stated in the R & R, the Court agrees and dismisses these defendants.

3

As to Defendants Kutz and Osburne, the Court declines to adopt the R & R. Plaintiff is correct that the *Parratt/Hudson* line of cases is not directly applicable here. (Dkt. No. 18 at 2). In these two cases, the Supreme Court "reasoned that where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). In such cases "it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Thus, in such cases, no due process violation occurs where "adequate state post-deprivation remedies are available." *Id.* at 533.

However, these cases do not apply "where the property deprivation is effected pursuant to an established state procedure." *Id.* at 534; *see also Streater v. Cox*, 336 F. App'x 470, 477 (6th Cir. 2009) ("Plaintiffs bringing a due process claim must assert that either (1) they were deprived of property as the result of an established state procedure that violates due process, or (2) the defendants deprived them of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss.").

Plaintiff alleges that Defendant Kutz seized certain property incident to his arrest. Presumably, this is an "authorized" and routine act by state law enforcement, making *Parratt/Hudson* inapplicable. *See Streater*, 336 F. App'x at 477 ("Plaintiffs cannot assert that they were deprived of the licenses based on a random unauthorized act . . . because the licenses were seized pursuant to the execution of a valid search warrant."). However, it is well-settled that "warrantless searches incident to custodial arrests" are constitutional and that law enforcement is "entitled to take from [Plaintiff] any evidence of the crime in his immediate

4

possession." *United States v. Edwards*, 415 U.S. 800, 802, 804-05 (1974). Plaintiff alleges that the money was taken from him and placed in an evidence locker. Given that Plaintiff was arrested for armed robbery and accused of stealing cash, Defendants' actions fit squarely within a recognized exception to the warrant requirement, seizure incident to arrest, and Plaintiff fails to state a constitutional claim for the initial seizure of the cash. Therefore, any such claim is dismissed.

However, the thrust of Plaintiff's Complaint is that Defendants did not return the money after the charge of armed robbery was dismissed, and Plaintiff may be able to state a claim based on the continued retention of the cash. The Fourth Circuit has held that the continued retention of property properly seized by state officials does not violate procedural due process when there are adequate post-deprivation remedies for recovery of the property. *Mora v. The City Of Gaithersburg, MD*, 519 F.3d 216, 230 (4th Cir. 2008). Thus, the Complaint should still be dismissed if Plaintiff has an adequate post-deprivation procedure for obtaining the cash. *See id.*; *Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *7 (E.D. Va. Feb. 22, 2011) ("Plaintiffs assert they were deprived of their property without due process of law. Plaintiffs have not stated a viable due process claim because the Virginia Tort Claims Act . . . provided an adequate post-deprivation remedy for the unlawful and negligent deprivation of personal property.").

However, it is not clear if Plaintiff has such a remedy under South Carolina law. Government employees are generally immune from suit under state law for actions taken within the scope of their official duties. S.C. Code. Ann. § 15-78-70. In *McIntyre v. Portee*, relied on the Magistrate Judge, the Fourth Circuit held that prisoners could sue prison officials under the

particular circumstances present there because "[s]tate officials are not immune from liability for ministerial acts performed contrary to their duties." 784 F.2d 566, 567 (4th Cir. 1986); *see also Milligan v. S. Carolina Dep't of Highways & Pub. Transp.*, 320 S.E.2d 505, 508 (S.C. Ct. App. 1984) ("[S]overeign immunity does not shield a public employee or official from liability for ministerial acts performed contrary to the laws regulating his powers and duties or for discretionary acts performed maliciously, corruptly or in bad faith."). However, no such allegations of bad faith or ministerial acts contrary to duties are present here.

South Carolina case law also suggests that, at least in some instances, criminal defendants may not be able to sue for the return of seized property, but must instead wait on the government to initiate forfeiture proceedings. In a recent case interpreting the seizure and forfeiture statute relating to counterfeit crimes, the South Carolina Supreme Court held that the statute's provision for an owner to apply for a return of the seized item is not "an 'option,' but is instead the sole method by which an owner may demand that the prosecuting agency either have law enforcement return the property or institute a forfeiture proceeding." *Farmer v. Florence Cnty. Sheriff's Office*, 738 S.E.2d 473, 477 (2013). This holding implies that an owner of seized goods may not apply for their return their property under the South Carolina Tort Claims Act or other provisions of state law, but only under procedures provided for in the applicable seizure statute. However, not all seizure statutes provide such a remedy.

While interpreting a different seizure statute, with different language, for the seizure of items related to controlled substances, the South Carolina Supreme Court held that "it appears that the only persons who may apply for the return of items seized pursuant section 44-53-520 are ***third parties*** who hold an interest in the property, and who did not consent to, were not privy

to, or did not have knowledge of the use of the property which made it subject to seizure or forfeiture." *Medlock v. 1985 Ford F-150 Pick Up VIN 1FTDF15YGFNA22049*, 417 S.E.2d 85, 87 (1992) (emphasis added). Because defendant owners "lack . . . a remedy in replevin," the court held that they are entitled to a jury trial in forfeiture proceedings. *Id.* Thus, at least in the instance of property seized under this statute, a defendant cannot initiate court proceedings for the return of property but must wait on the government to initiate forfeiture proceedings.

In an initial review, the Court has not found a South Carolina statute related to the seizure of items in connection with the crime of armed robbery. There may be such a statute or other state law that provides an adequate post-deprivation remedy for Plaintiff. If so, Defendants may raise such a post-deprivation remedy in a motion to dismiss. However, the Court will not summarily dismiss the claim when such a remedy is not readily apparent.[2] *See Rodgers v. Knight*, 781 F.3d 932, 945 (8th Cir. 2015) ("This court has recognized a due process claim under § 1983 where police officers refuse to return seized items to their owner without a court order after it is determined that the items were not contraband or required as evidence in a court proceeding.").

## IV. Conclusion

The Court **ADOPTS** all portions of the R & R (Dkt. No. 10) except Section II. B. 1., which concerns Defendants Kutz and Osburne. Accordingly, the Court **DISMISSES** Defendants

---

[2] While a forfeiture proceeding may provide a defendant with due process, a delay in instituting a forfeiture proceeding can violate a defendant's due process rights. *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564 (1983).

ATF, Kittrell, and Schroepfer without prejudice and without issuance and service of process and **RECOMMITS** this matter to the Magistrate Judge.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

July 15, 2015
Charleston, South Carolina