IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sanchez Ozell McPherson, | ) | C/A No. 0:15-1859-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SPO M. Kutz, *Officer, Charleston Police Department*; Detective Osburne, *Charleston Police Department*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff has filed this action, *pro se*, alleging a violation of his constitutional rights. Plaintiff is a federal inmate currently housed at the Federal Correction Complex in Allenwood, Pennsylvania.  The defendants filed a motion to dismiss on November 5, 2015, pursuant to the Federal Rules of Civil Procedure.  (ECF No. 37.)  As the plaintiff is proceeding *pro se*, the court entered an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) on November 6, 2015, advising the plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response.  (ECF No. 38.)  The plaintiff was specifically advised that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions set forth in the court's <u>Roseboro</u> order, the plaintiff failed to respond to the motion.  As the plaintiff is proceeding *pro se*, the court filed a second order on December 15, 2015, advising the plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional fourteen (14) days in which to file his response to the defendant's motion for summary judgment. (ECF No. 36.)  The plaintiff was specifically warned that if he failed to respond, this action would

be recommended for dismissal with prejudice for failure to prosecute.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).  In response to the court's order, the plaintiff filed a motion requesting the appointment of counsel.  (ECF No. 46.)

The plaintiff previously moved for—and was denied—appointment of counsel in this matter. (See Order, ECF No. 24.)  The plaintiff's current motion does not provide any additional reasons for the appointment of counsel, but reiterates that he is housed in the Special Management Unit and is ignorant of the law.  As stated in the court's prior order, the court may use its discretion to request counsel to represent an indigent in a civil action, but such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel.  Id.  Accordingly, it is hereby

**ORDERED** that the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.  It is further

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with this case and to file a response to the defendants' motion to dismiss within fourteen (14) days from the date of this order.  Plaintiff is further advised that if he fails to respond, **this action will be**

**recommended for dismissal with prejudice for failure to prosecute.** <u>See</u> <u>Davis v. Williams</u>, 588

F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

     **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 1, 2016
Columbia, South Carolina