IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sanchez Ozell McPherson, ) | C/A No. 0:15-1859-RMG-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| SPO M. Kutz, *Officer, Charleston Police Department*; Detective Osburne, *Charleston Police Department*, ) | |
| Defendants. ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1]  On November 5, 2015, the defendants filed a motion to dismiss.  (ECF No. 37.)  By order of this court filed November 6, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.  (ECF No. 38.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion.  As the plaintiff is proceeding *pro se*, the court filed a second order on December 15, 2015, advising the plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional

---

[1] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).



fourteen (14) days in which to file his response to the defendants' motion to dismiss. (ECF No. 42.) The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

In response, the plaintiff filed a motion requesting the appointment of counsel for the second time.[2] (ECF No. 46.) The court denied plaintiff's motion by order issued February 1, 2016. (ECF No. 49.) The court again warned the plaintiff that if he failed to respond to the defendants' motion, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

Despite this additional warning, the plaintiff still did not respond. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[3]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers

---

[2] Plaintiff's first motion for appointment of counsel was denied on August 3, 2015. (See Order, ECF No. 24.)

[3] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.



of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 48) be terminated.

                                                       _____
                                                       Paige J. Gossett
                                                       UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).