IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Sanchez Ozell McPherson,                      )        Civil Action No. 0:15-1859-RMG
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )        **ORDER**
                                              )
SPO M. Kutz, Officer, *Charleston Police*     )
*Department*, Detective Osburne, *Charleston* )
*Police Department*,                          )
                                              )
                    Defendants.               )
_____)

This matter is before the Court on the Report and Recommendation of the Magistrate

Judge, recommending that the Complaint be dismissed with prejudice for lack of prosecution. The

Court adopts the Report and Recommendation and dismisses the Complaint with prejudice.

Plaintiff alleges that he was arrested on March 7, 2008, for armed robbery. (Dkt. No.1 at

3). During the booking process, $730 was removed from Plaintiff's person. (*Id.*) Plaintiff pled

guilty to carrying a firearm, and the armed robbery count was dismissed. (*Id.* at 4). Plaintiff

alleges that his money has never been returned, in violation of the Due Process Clause. He seeks

return of the $730. (*Id.*).

Plaintiff filed the present action on May 1, 2015. Certain Defendants were dismissed by

this Court's Order dated July 15, 2015. The remaining Defendants, two members of the Charleston

Police Department, moved to dismiss for failure to state a claim on November 5, 2015.[1] Plaintiff

_____

[1] Although the Court does not rule on Defendants' motion to dismiss—because Plaintiff has ceased
to prosecute this action—Defendants' arguments appear compelling. Defendants assert that
Plaintiff's claim, filed eight years after the money was seized, is time-barred; that S.C. Code § 15-
69-20 provides an adequate post-deprivation remedy; that Plaintiff himself alleges the money was
transferred to Federal custody, placing it beyond the control of the named Defendants; and that
Defendants enjoy qualified immunity. (*See* Dkt. No. 37-1.)

has never responded to that motion. The Magistrate Judge caused a Roseboro order to be sent to Plaintiff on November 6, 2015 (ordering Plaintiff to respond by December 11, 2015), on December 15, 2015, again ordered Plaintiff to respond (by December 29, 2015), and on February 1, 2016, again ordered Plaintiff to respond (by February 17, 2016). On February 19, 2016, the Magistrate Judge recommended dismissal with prejudice for lack of prosecution. Plaintiff has filed no objections. Plaintiff's only acknowledgement of the pending motion to dismiss is his motion for appointment of counsel (filed January 4, 2016), a repetition of his motion of June 8, 2015, which was denied on August 3, 2015.

This case meets the criteria for dismissal with prejudice given in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). Plaintiff is personally responsible for proceeding in a dilatory fashion, having failed to comply with three orders to respond over a period of five months. His refusal is prejudicial to Defendants, causing them to continue to incur legal expenses. No sanctions appear to exist other than dismissal, given the previous warnings and extensions provided.

Therefore, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 53) and **DISMISSES WITH PREJUDICE** the Complaint (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 9, 2016
Charleston, South Carolina